UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW ST. JOHN | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. |
| THE INDIANA HEART HOSPITAL, LLC | ) |
| Defendant. | ) |

1:07-cv-0528-RLY-TAB

## COMPLAINT

Plaintiff, ANDREW ST. JOHN ("Mr. St. John" or "Plaintiff"), by counsel, files his Complaint against THE INDIANA HEART HOSPITAL, LLC ("Defendant" or "IHH") for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. § 12181 et seq. (hereinafter "Americans with Disabilities Act" or "ADA") and for injunctive relief, damages, attorney's fees and costs pursuant 29 U.S.C. § 794, Section 504 (hereinafter "Section 504 of the Rehabilitation Act") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the ADA, 42 U.S.C. § 12181 et seq. and for declaratory and injunctive relief pursuant to Section 504 of the Rehabilitation Act, as well as compensatory and punitive damages pursuant to Section 504 of the Rehabilitation Act. This Court is vested with original jurisdiction under 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b) and Local Rules of the United States District Court for Southern District of Indiana.

3.      Mr. St. John is a resident of Hamilton County, Indiana and is a qualified individual with a disability under the ADA as he is, among other qualifying things, profoundly deaf and communicates in American Sign Language.

4.      Defendant, IHH, is an Indiana corporation that is conducting business in the State of Indiana. Upon information and belief, IHH owns and operates a medical care facility located at 8075 North Shadeland Avenue, Indianapolis, Indiana, which is the subject of this action.

5.      All events giving rise to this lawsuit occurred in the Southern District of Indiana, thus venue is proper.

6.      There is a real and immediate threat of future harm, and there is a likelihood that Mr. St. John will be going back to IHH and/or utilizing its services offered to the general public, and it is also likely that Mr. St. John will suffer blatant discrimination at the hands of IHH; in support thereof Mr. St. John alleges the following to establish standing:

    a.      Mr. St. John has a family history of heart disease and has suffered chest pain and other symptoms that require emergency medical treatment;

    b.      IHH is located approximately six (6) miles from Mr. St. John's residence and is the closest hospital to his home that specializes in cardiovascular care.

    c.      IHH offers various "Risk/Fitness Assessments" to the general public at its Indianapolis, Indiana medical care facility. Mr. St. John desires and intends to return to IHH to utilize one or more of these programs in the future.

    d.      Mr. St. John also desires to be treated at IHH for his future cardiovascular care, as IHH enjoys an excellent reputation in the community for its treatment of heart problems and is the only hospital in Indiana that maintains a 24-hour emergency room for heart care with a cardiologist on-site at all times;

  e. IHH repeatedly failed to maintain and/or follow a policy of providing a qualified sign language interpreter, and refused to provide a qualified sign language interpreter for Mr. St. John during his care at IHH.

  f. IHH maintains an internet website for the general public that contains a "Patient Education" section, featuring an "audio/visual library." Mr. St. John desires and intends to utilize the educational resources provided in the audio/visual library, but cannot because the educational materials are inaccessible to him.

## FACTS

7. On November 29, 2006, Andrew St. John began exhibiting symptoms that included severe chest pain and shortness of breath. Mr. St. John requested that a friend, Kelly Martin, drive him to the IHH emergency room for treatment. Upon arriving at the hospital at approximately 11:30 a.m., Mrs. Martin immediately requested that a American Sign Language interpreter be provided for Mr. St. John.

8. Mr. St. John remained at IHH until approximately 2:30 p.m., when he was released. During the course of his treatment, Mr. St. John was examined by at least two doctors and several staff members. Despite several requests, IHH failed to provide a qualified sign language interpreter, and instead requested that Mrs. Martin remain in the exam room with Mr. St. John to assist with communication. Mrs. Martin is not a qualified sign language interpreter.

9. During the course of treatment, Mr. St. John was asked to provide personal and confidential information about his health, family history, and lifestyle. Mr. St. John did not consent to share personal information in the presence of Mrs. Martin.

10. On various dates during 2007, Mr. St. John has attempted to utilize IHH's internet website, specifically the "Patient Education" section, which includes an "audio/visual library."

Mr. St. John has been unable to utilize this service because it is inaccessible to deaf members of the community.

## COUNT I

## DEFENDANT VIOLATED TITLE III OF THE ADA

11. Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one through ten.

12. Plaintiff is an individual with a disability under Title III of the ADA and meets the essential eligibility requirements for Defendant's services at all times material hereto.

13. IHH is a public accommodation and must provide qualified sign language interpreters when necessary to provide effective communication.

14. Defendant violated Title III of the ADA when it:

    a. Failed to maintain policies and procedures to ensure compliance with Title III of the ADA, specifically policies that provide equal access and effective communication to individuals with disabilities;

    b. Failed to ensure that communications with Plaintiff was as effective as communications with hearing patients;

    c. Failed to provide auxiliary aids and services, including a qualified interpreter, and to modify policies and procedures to prevent discrimination against Plaintiff; and

    d. Excluded Plaintiff from services and denied Plaintiff the benefit of these services due to his disability; and

15. Plaintiff has been and will continue to be denied access to, and the benefit of, services available at IHH because Plaintiff has a definite need and intention to return to IHH in

the future.

16. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's continuing violations of the ADA based on the violations set forth in this Complaint. Plaintiff has a reasonable fear he will continue to be discriminated against in violation of the ADA unless he is afforded injunctive relief by the Court.

17. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant pursuant to 42 U.S.C. § 12205.

18. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief.

## COUNT II

## DEFENDANT VIOLATED SECTION 504 OF THE REHABILITATION ACT

19. Plaintiff re-alleges and incorporates by reference the allegations of facts in paragraphs one through eighteen.

20. Plaintiff is deaf and his disability substantially limits major life activities, including his ability to effectively communicate with others who do not know American Sign language. Therefore, Plaintiff is considered to be an individual with a disability under Section 504 of the Rehabilitation Act. Plaintiff is otherwise qualified under Section 504 of the Rehabilitation Act because he meets the essential eligibility requirements for Defendant's services at all times material hereto. Further, Defendant is a recipient of federal financial assistance.

21. Defendant's policies, practices and procedures, particularly the actions and

omissions described above, violated Plaintiff's rights under Section 504 of the Rehabilitation Act by discriminating on the basis of a disability.

22. Defendant also denied Plaintiff services that it made available to non-disabled patients.

23. Defendant violated Plaintiff's' rights through its repeated refusal to reasonably accommodate Plaintiff with auxiliary aids and services and its refusal to modify policies and procedures to prevent discrimination.

24. Plaintiff have suffered severe emotional distress and damages, and continue to suffer distress and damages, due to Defendant's violations of Section 504 of the Rehabilitation Act.

**WHEREFORE** Plaintiff respectfully requests that this Court grant the following injunctive and declaratory relief ordering Defendant:

    a. To cease discrimination against Plaintiff and other deaf and hard of hearing patients;

    b. To promulgate and comply with policies and procedures to ensure that Defendant and its staff do not discriminate against individuals who are deaf and hard of hearing.

    c. To promulgate and comply with procedures to ensure that Defendant will provide and pay for qualified interpreter services when needed by individuals who are deaf and hard of hearing when providing services offered by Defendant;

    d. To promulgate and comply with procedures to ensure that Defendant will notify individuals who are deaf and hard of hearing of their right to effective communication. This notification will include posting explicit and clearly worded notices that state the Defendant will provide sign language interpreters, TTYs and/or other communication services that ensure

effective communication with deaf and hard of hearing persons.

   e. Award compensatory and punitive damages under Section 504 of the Rehabilitation Act.

   f. Award reasonable costs and attorney's fees; and

   g. Award any and all other relief that may be necessary and appropriate.

            Respectfully submitted,

            _____
            Philip J. Gibbons, Jr. (19353-49)
            Edward A. Kersten (20511-49)
            HASKIN LAUTER LaRUE & GIBBONS
            255 North Alabama Street
            Indianapolis, Indiana 46204
            Telephone: (317) 955-9500
            Facsimile: (317) 955-2570
            Email: pgibbons@hllglaw.com
               ekersten@hllglaw.com

            Attorneys for Plaintiff